UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE FOWER,<br><br>　　　　　　　Petitioner,<br><br>　　　v.<br><br>B. BIRKHOLZ, WARDEN,<br><br>　　　　　　　Respondent. | Case No. CV 22-07115 DMG (ADS)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I.　INTRODUCTION

Before the Court is a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") under 28 U.S.C. § 2241 filed by Petitioner George Fower ("Petitioner"). (Dkt. No. 1.) Petitioner alleges the following three grounds for relief related to his imprisonment under the custody of the Federal Bureau of Prisons ("BOP"): (1) BOP's failure to calculate and apply his First Step Act ("FSA") Credits; (2) BOP has failed to administer the law fairly and equally; and (3) the failure of the BOP to act or respond adequately via the administrative remedy process. (Id. at 6.)

B. Birkholz ("Respondent") subsequently filed a Motion to Dismiss. (Dkt. No. 5.) Petitioner filed an Opposition to the Motion to Dismiss. (Dkt. No. 6.)

On December 2, 2022, Respondent filed a Supplemental Filing Related to Motion to Dismiss ("Supplement"). (Dkt. No. 7.) Respondent's Supplement notifies the Court of Petitioner's release based on the addition of FSA Credits and argues that the Petition is moot. (Id.) As a result, on February 15, 2023, the Court issued an Order to Show Cause ("OSC") re: Mootness, ordering Petitioner to update his address and to show cause by March 8, 2023 why this action should not be dismissed as moot. (Dkt. No. 8.) As of the date of this Order, Petitioner has not filed a response to the OSC, or otherwise communicated with the Court.

## II.     THE PETITION IS MOOT

The Court's OSC explained that the Petition appears to be moot because of Petitioner's release from BOP custody. (Id.) A search of publicly available records reveals that Petitioner was released on December 1, 2022. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited March 14, 2023). Further, Respondent's Supplement notifies the Court of Petitioner's release based on the addition of FSA Credits and argues that the Petition is moot. (Dkt. No. 7.)

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." Deakins v. Monaghan, 484 U.S. 193, 199 (1988) (citations omitted). This means that "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). In particular, a habeas petition is moot if it raises claims that are fully resolved by release from custody. See Abdala v. INS, 488 F.3d 1061, 1065 (9th Cir. 2007).

The Petition seeks the "immediate accurate calculation and application of [Petitioner's] balance FSA Time Credits." (Dkt. No. 1 at 7.) Pursuant to the FSA, Petitioner was subsequently released on December 1, 2022 from BOP custody. (Dkt. No. 7, Ex. B.) As such, the Petition is moot because Petitioner obtained the relief he sought in the Petition – release from BOP custody after the application of his FSA Credits. See Williams v. United States, No. CV 19-1775 DMG (SS), 2019 WL 7841920, at *2 (C.D. Cal. Oct. 8, 2019) (holding that petitioner's request to order BOP to recalculate his good time credits was moot because he was released from BOP custody, and thus, there was no relief for the court to provide); see also Bisel v. Birholz, No. CV 22-7266 CJC (MRW), 2023 WL 2356691, at *1 (C.D. Cal. Feb. 22, 2023) (dismissing habeas action as moot when petitioner was transferred to halfway house because "there is no other aspect of his sentence or conditions of confinement for this Court to address."); Dial v. Gutierrez, No. ED CV-21-2100 VBF (MRW), 2022 WL 4099755, at *1 (C.D. Cal. Aug. 9, 2022) (dismissing habeas action as moot when petitioner sought transfer to a different prison and was subsequently transferred). Further, given the allegations in the Petition, there is no obvious reason to believe the situation is not fully resolved or that the problem is capable of repetition. Accordingly, the Petition must be dismissed without prejudice as moot.

III. **FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

Petitioner has also failed to prosecute this habeas petition and comply with court orders. Petitioner did not respond to the OSC ordering him to update his address and to show cause why the action should not be dismissed as moot. The OSC expressly cautioned Petitioner that failure to respond would result in a recommendation that the

3

action be dismissed for lack of prosecution and failure to obey court orders pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No. 8.)

Petitioner's failure to respond to court orders reflects a lack of prosecution of the case. In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1440.

Upon consideration of the five Carey factors, the Court finds that Petitioner's failure to prosecute his case and failure to comply with the Court's orders warrant dismissal. The first two Carey factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting Petitioner's response to the Court's directive. The third factor—risk of prejudice to Respondent—also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (stating that the "law presumes injury from unreasonable delay"). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal.

Finally, Petitioner has already been cautioned of the consequences of his failure to prosecute and ordered to show cause why the action should not be dismissed as moot. (Dkt. No. 8.) Petitioner has been afforded the opportunity to do so yet has not

responded. No sanction lesser than dismissal is feasible here. Thus, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b).

## IV. CONCLUSION

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice as moot and pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: May 4, 2023

DOLLY M. GEE
United States District Judge

Presented by:

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge